IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
     v.
LEWIS H. ERVIN,
        Movant

: Case No. 3:09-cr-25-KRG-KAP-1
: Case No. 3:11-cv-121-KRG-KAP
:

Report and Recommendation

Recommendation

      Lewis Ervin filed a motion to vacate his conviction under 28 U.S.C.§ 2255, docket no. 1 at the civil case, docket no. 82 at the criminal case, amended to include an additional claim, docket no. 4 at the civil case. (All further references to the docket are to the docket of the criminal case.) The motion should be denied without a certificate of appealability, thus granting the government's motion to dismiss, docket no. 94.

Report

      Ervin entered a plea of guilty on December 3, 2009, see docket no. 53 (minute entry) and docket no. 62 (Plea Transcript), and was sentenced to 262 months imprisonment on April 7, 2010, a sentence that was entered on the docket on Friday, April 16, 2010. See docket no. 66 (minute entry), docket no. 67 (Judgment and Commitment Order), docket no. 89 (Sentencing Transcript). Ervin did not take a direct appeal from the sentence. Ervin's conviction therefore became final on or about Friday, April 30, 2010, when the time prescribed by Fed.R.App.P. 4(b) for Ervin to file a notice of appeal expired, 14 days after the entry of his judgment of conviction on the docket. Kapral v. United States, 166 F.3d 565,

577 (1999)("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.") Ervin's time to file a motion to vacate expired one year later, because 28 U.S.C.§ 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Ervin's original motion to vacate was signed on May 5, 2011, and the motion to proceed *in forma pauperis* and the mailing envelope used to mail the motion to vacate were also dated May 5, 2011. That is the earliest date the motion to vacate can be deemed to have been filed under the prison mailbox rule, and that is five days after the limitations period ran. Even if the claim added by the motion to amend relates back to the date of the original motion, it is therefore untimely as well.

Because Ervin's motion to vacate was filed more than one year after his conviction became final, the court cannot consider

his motion. Ervin does not contend that the accrual rules of subsections (2)-(4) of 28 U.S.C.§ 2255(f) are applicable, and from the nature of his claims - that his counsel was ineffective in various ways in the pretrial phase and at the sentencing - it does not appear that any claims would be subject to the accrual rules of subsections (2)-(4).

If the court could reach the merits, the motion appears to be a boilerplate form of conclusory assertions that counsel was ineffective, assertions that in most cases are contradicted by a simple re-reading of the transcripts of the change of plea and sentencing proceedings. Ervin alleges he had the aid of a prison inmate in the preparation of his motion to vacate, and that may account for the inapplicable claims that Ervin's counsel erroneously advised him how to answer the Court's questions about the plea agreement, Motion to Vacate at 8, "Ground Three," and that the government breached the plea agreement, Motion to Vacate at 9, "Ground Four," when there was no plea agreement, see Plea Transcript at 3. Because there is no substantial issue of constitutional law presented, no certificate of appealability should be issued.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: September 7, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Lewis H. Ervin, III, Reg. No. 11288-068
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351